UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIJAH DESHUNN BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-0725** |
| **SHERIFF TURLICH OF PLAQUEMINES PARISH, ET AL.** | **SECTION "E"(4)** |

## ORDER AND REASONS

Plaintiff Elijah Deshunn Brown filed a Second Motion to Amend Complaint (ECF No. 32) seeking to add defendants Warden Denise Narcisse and Detective Sgt. Arena. Brown claims in his original complaint he had not "alleged any action or inaction or other basis on which to hold Defendant Denise Narcisse liable." *Id*. at 1. Brown states in the motion that his claims against Detective Sgt. Arena and Warden Narcisse are "not just a theory or *respondeat superior*" and how he "advised the Defendant Narcisse personally about the unconstitutional conditions to which he was exposed." *Id*. Warden Denise Narcisse was named as a defendant in Brown's original complaint. ECF No. 10. All claims originally outlined by Brown against Warden Narcisse were dismissed with prejudice via judgment following a Report and Recommendation by the above Magistrate Judge. ECF Nos. 14, 15. Brown also filed a previous Motion to Amend Complaint where he sought to add Detective Sgt. Arena as a defendant that was subsequently denied. ECF Nos. 28, 31.

I.  **Standards of Review**

Generally, Fed. R. Civ. Proc. 15(a) governs the amendment of pleadings before trial. Rule 15(a)(2) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*,

427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires."  *Id*.

In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'"  *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).  An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion.  *Id*.  (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

**II.   Discussion**

As background, and to give perspective to the proposed amendments, Brown claims in his Complaint that he is a federal inmate awaiting charges in the Western District of Louisiana but housed in Plaquemines Parish for medical care purposes.  ECF No. 10-1, at 1.  He filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Plaquemines Parish Sheriff Turlich, Warden Denise Narcisse, Lt. Ashton Paxton, and Deputy Robin (now identified as Deputy Darrin Robin).  ECF No. 10, ¶III(B)-(E), at 5.  He complained that he was held in his cell for seven days without shower access and is being fed a food loaf.  Brown further complains that on February 12, 2024, he was beaten by defendants Lt. Paxton and Deputy Robin after he complained about the conditions of his confinement.

On June 17, 2024, the undersigned Magistrate Judge issued a Report and Recommendation recommending that Brown's claims challenging the conditions of confinement in administrative lockdown and his claims, if any, against Sheriff Turlich and Warden Narcisse be dismissed under 28 U.S.C. § 1915 and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted. ECF No. 13, at 6, 11. The Court further recommended that Brown's claims of excessive force against Lt. Paxton and Deputy Robin on February 12, 2024, be allowed to proceed forward. *Id*. at 13. The District Judge adopted these recommendations and has since issued Judgment dismissing the conditions of confinement claims and defendants Sheriff Turlich and Warden Narcisse. ECF Nos. 14, 15.

On November 11, 2024, Brown filed a Motion to Amend Complaint seeking to replace (or dismiss) Sheriff Turlich and name as a defendant in his place the Plaquemines Parish Sheriff's Department. ECF No. 28 at 1. That request was deemed futile because Sheriff Turlich was no longer a defendant in this case because he was dismissed by Judgment entered August 13, 2024. ECF No. 31 at 3. Second, it was established that Brown could not add the Plaquemines Parish Sheriff's Department because is not a person or suable entity for purposes of § 1983. *Id*. Additionally, Brown sought to add as a defendant Detective Sgt. Arena, whom he claims oversees his confinement with Warden Narcisse. This request was deemed futile as any claim against Detective Sgt. Arena would be frivolous for the same reasons underlying the prior dismissal of any claims against Warden Narcisse. Specifically, supervisory officials like the Detective and Warden Narcisse, cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *Id*. at 4. For those reasons, Brown's Motion to Amend Complaint was denied on December 11, 2024. *Id*. at 5.

On January 16, 2025, Brown filed a second motion to amend the complaint. ECF No. 32. In his motion, Brown seeks to add Warden Denise Narcisse and Detective Sgt. Arena as defendants. This request is futile as any claim against Warden Denise Narcisse or Detective Sgt. Arena would be frivolous for the same reasons underlying the prior dismissal of any claims against both individuals. A defendant is liable under § 1983 only if he or she had personal involvement in the alleged unconstitutional act. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). Brown claims both Warden Narcisse and Detective Sgt. Arena have personal involvement in the alleged unconstitutional act by being placed on notice of the abusive conduct of other defendants via the filing of "a number of complaints and grievances." ECF No. 32 at 7.

As previously stated, supervisory officials like the Detective and Warden Narcisse, cannot be held responsible pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also*, *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). The Warden and Detective cannot be held under § 1983 simply because they "oversee" Brown's confinement.

The fact that Brown claims to have filed grievance complaints at the prison to which he may have received an unfavorable response from the Warden or Detective does not render either official liable under § 1983. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013) ( "A prisoner does not have a constitutionally protected liberty interest in having 'grievances resolved to his satisfaction.'") (quoting *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006) (same). In summary, Brown has not alleged a personal action or connection that would render Warden Narcisse or Detective Sgt. Arena liable

4

under § 1983 or liable for the actions or inactions of other subordinate prison personnel. To include Warden Narcisse and Detective Sgt. Arena as a defendant in this way would be frivolous under § 1915 and § 1915A, and therefore, renders the amendment futile.

Considering Rule 15(a), the previously filed motion to amend complaint, and the relevant factors identified above, the Court finds no good cause to allow Brown to amend his complaint to add additional defendants. Accordingly,

**IT IS ORDERED** that John Elijah Deshunn Brown's **Second Motion to Amend Complaint (ECF No. 32)** is **DENIED**.

New Orleans, Louisiana, this 19th day of February, 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**