UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIJAH DESHUNN BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-0725** |
| **SHERIFF TURLICH, ET AL.** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Elijah Deshunn Brown ("Brown") filed a **Motion for Default Judgment (ECF No. 40)** seeking entry of a default judgment asserting that defendant Ashton Paxton, despite proper service and due notice, has failed to file an answer or responsive pleading. The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

   **A.      Background**

Plaintiff Elijah Deshunn Brown ("Brown") is a federal pretrial detainee currently housed in the Plaquemines Parish Detention Center ("PPDC") in Pointe a La Hache, Louisiana. ECF No. 10, ¶II(A), at 2; *id*., ¶III(A), at 4; ECF No. 10-1, at 1. Brown filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Plaquemines Parish Sheriff Turlich, Warden Denise Narcisse, Lt. Ashton Paxton and Deputy Robin. ECF No. 10, ¶III(B)-(E), at 5. The only claims remaining are Brown's claims against Lt. Ashton Paxton ("Paxton") and Deputy Robin for the use of excessive force on February 12, 2024. ECF No. 14.

B.       **Plaintiff's Motion**

In the motion, Brown requests that the Court enter a default judgment against Defendant Ashton Paxton in the amount of $45,000. ECF No. 40 at 1.  In support of the motion, Brown asserts that Paxton has not filed or served an answer although 120 days have passed since the date of service. *Id*. Brown includes an attached declaration that Paxton is not in the military service, asserting that Paxton has worked at Plaquemines Parish Detention Center since October of 2022. ECF No. 40-1 at 1.

C.       **The Record**

A review of the record in this case shows that summons was issued to Defendant Paxton on August 15, 2024. ECF No. 17. The summons, which was addressed to Paxton at his place of employment with the Plaquemines Parish Detention Center, 16801 Highway 15 in Davant, Louisiana, was returned executed on March 3, 2025. *Id.* at 1. An answer deadline was given for March 18, 2025. *Id*. According to the return, Kevin Bryan, listed as "PPSO transport", accepted service for Paxton at 500 Poydras Street in New Orleans, Louisiana. ECF No. 39 at 1. On March 18, 2025, Brown filed the motion for default judgment against Paxton. ECF No. 40. Subsequently, counsel for Paxton filed a motion to dismiss, or alternatively, quash the return on summons for improper service on March 25, 2025. ECF No. 41.

II.      **Standard of Review**

In the federal courts, Fed. R. Civ. P. 55 governs the entry of default and default judgments. Rule 55(a) governs entry of default by the Clerk of Court, which is "a notation of the party's default on the clerk's record of the case."  *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (citation omitted).  Rule 55(b) governs entry of a default judgment by either the Court or the Clerk of Court.  Rule 55(b)(1) permits judgment by default to be entered by

2

the Clerk of Court depending on the certainty or calculability of the sum of damages sought. Rule 55(b)(2) requires that the Court, not the Clerk, enter a default judgment in all other cases, including when "the party against whom judgment by default is sought has appeared personally or by a representative . . ." In that event, the party or representative must be served with written notice of the application for judgment at least seven days prior to a hearing on the application. FED. R. CIV. P. 55(b)(2); *accord Charlton L. Davis & Co. P.C. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (off-the-record communications between plaintiff's and defendant's counsel constituted an appearance sufficient to require notice prior to the hearing).

In combination, Rule 55(a) and (b) require a multi-step process for obtaining a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Initially, the moving party must prove an actual default has occurred, which is "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co.*, 84 F.3d at 141; *accord* FED. R. CIV. P. 55(a); *see* FED. R. CIV. P. 12(a)(1)(A)(i) (a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or complaint."). "[W]hen the default is established by affidavit or otherwise," there must be an actual entry of default by the Clerk of Court under Rule 55(a). *New York Life Ins. Co.*, 84 F.3d at 141. In other words, once the plaintiff demonstrates "by affidavit or otherwise" that the defendant "failed to plead or otherwise defend . . .," the Clerk of Court must enter a default on the record. FED. R. CIV. P. 55(a).

Only after entry of a default under Rule 55(a), a "plaintiff may apply for a judgment based on such default." *New York Life Ins. Co.*, 84 F.3d at 141; 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 2025) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry

of default as provided by Rule 55(a).") However, a plaintiff is "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Entry of a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). When considering whether there is a "sufficient basis in the pleadings" for the entry of a default judgment, the court must accept as true "the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Const. Co.*, 515 F.2d at 1206. Thus, whether a Court enters default judgment is committed to its sound discretion. *Id.*; *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

### III.   Analysis

As outlined above, under Fed. R. Civ. P. 55(a), a default occurs when a defendant fails to plead or otherwise respond to a properly served complaint within the time required. *New York Life Ins. Co.*, 84 F.3d at 141. The law is clear that, before a party can obtain a default judgment, the Clerk of Court must have first entered a default. *Id.*; FED. R. CIV. P. 55(a). When the plaintiff fails to receive the Clerk's entry of default on the operative complaint before moving for default judgment, a motion seeking default judgment is premature and fails to satisfy Rule 55(b) requirements. *New York Life Ins. Co.*, 84 F.3d at 141.

In this case, Brown has not requested that the Clerk of Court enter a default on the record under Fed. R. Civ. P. 55(a). Instead, Brown seeks for the Court to enter a default judgment, which falls under Fed. R. Civ. P. 55(b) after an entry of default has been obtained. There has been no

4

such entry of default for defendant Paxton. Without one, the motion for entry of default judgment must be dismissed as premature. *Lapierre v. Internal Revenue Service*, No. 98-2274, 1998 WL 846756, at *1 (E.D. La. Dec. 3, 1998) (denying motion for entry of default judgment because no default was entered); *McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2022 WL 619922, at *4 (M.D. La. Feb. 11, 2022) (explaining that plaintiff's request to enter default judgment was "not properly before the [c]ourt because [p]laintiff ha[d] not requested entry of default from the Clerk of Court"), *R&R adopted by* 2022 WL 619966, at *1 (M.D. La. Mar. 2, 2022); *Raymond v. Flagstar Bank*, No. 20-1439, 2022 WL 1119069, at *2 (W.D. Tex. Jan. 18, 2022) (recommending denial of plaintiff's motions for default judgment in part because plaintiff had not requested entry of default), *R&R adopted by* 2022 WL 3499643, at *1 (W.D. Tex. May 27, 2022).

In addition, had Brown requested the Clerk of Court enter a default on the record, this case would not be a candidate for the Clerk of Court to do so under Fed. R. Civ. P. 55(a). According to the record, summons was returned as executed to Defendant Paxton on March 3, 2025, with an answer or responsive pleading due on March 18, 2025. ECF No. 39. Brown's motion was filed on March 18, 2025, before the deadline for Paxton to file an answer had passed. ECF No. 40. Furthermore, unless otherwise ordered by the court, a defendant may waive answering a complaint that challenges the conditions of the plaintiff's confinement. 42 U.S.C. § 1997e(g)(1). The term "prison conditions" under the Prison Litigation Reform Act of 1996 has been construed broadly to include all aspects of "prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). At the time of the filing of Brown's motion, the Court had not issued any order directing the remaining defendants to file an answer. Thus, the Clerk could not enter a default on the record against Defendant Paxton.

5

In summary, Brown has not sought nor obtained entry of default from the Clerk of Court under Fed. R. Civ. P. 55(a) before filing this motion for entry of a default judgment. In addition, Brown would not yet be entitled to entry of a default by the Clerk of Court as Defendant Paxton is not required to file an answer or responsive pleading unless directed to do so by Court order per 42 U.S.C. § 1997e(g)(1).

For the foregoing reasons, and considering the current posture of the case, the plaintiff is not entitled to entry of a default judgment at this time. The motion should be denied as premature.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Plaintiff Elijah Deshunn Brown's **Motion for Default Judgment (ECF No. 40)** be **DENIED** as premature.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 22nd day of April, 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.