UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIJAH DESHUNN BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-0725** |
| **SHERIFF TURLICH, ET AL.** | **SECTION "E"(4)** |

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Defendant Darren Robin's **Motion to Dismiss, or Alternatively, Quash Return on Summons pursuant to Rule 12(b)(5) (ECF No. 46)**, which was referred to the undersigned United States Magistrate Judge in accordance with Local Rule 73.2 and 28 U.S.C. § 636(b)(1)(B). Plaintiff Elijah Deshunn Brown failed to timely file an Opposition Memorandum, as required by Local Rule 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

**I.   <u>Background</u>**

Plaintiff Elijah Deshunn Brown ("Brown") is a federal pretrial detainee currently housed in the Plaquemines Parish Detention Center ("PPDC") in Pointe a La Hache, Louisiana. ECF No. 10, ¶II(A), at 2; *id*., ¶III(A), at 4; ECF No. 10-1, at 1. Brown filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Plaquemines Parish Sheriff Turlich, Warden Denise Narcisse, Lt. Ashton Paxton and Deputy Robin. ECF No. 10, ¶III(B)-(E), at 5. The only claims remaining are Brown's claims against Lt. Ashton Paxton ("Paxton") and Deputy Robin ("Robin") for the use of excessive force on February 12, 2024. ECF No. 14.

**II.   <u>Service</u>**

After Brown filed his § 1983 suit, the undersigned granted his request to proceed *in forma pauperis*. ECF No. 12. After conducting the Court's statutory frivolousness review, summons were issued and the Marshal's Service was directed to effect service in this pauper proceeding to the

remaining Defendants. ECF No. 17. The summons as to Robin, which was addressed to him at his place of employment with the Plaquemines Parish Detention Center, 16801 Highway 15 in Davant, Louisiana, was returned executed on March 3, 2025. ECF No. 30 at 1. ECF No. 39. Kevin Bryan, listed as "PPSO transport", accepted service for Robin at 500 Poydras Street in New Orleans, Louisiana. ECF No. 39 at 2.

Defendant Robin thereafter filed this motion to dismiss, or alternatively quash the return on summons, for insufficient service. ECF No. 46. Robin argues that Rule 4(c)(1) requires a plaintiff to accomplish service, and that service upon a third party at a place other than his domicile is improper. ECF No. 46 at 1; *id*., ¶II, at 5. On that basis, he seeks dismissal of Brown's excessive force claim against him or asks this Court to quash the return of service. *Id*., ¶III, at 5.

### III.  Applicable Law And Analysis

#### A. Service by the USMS

Service on an individual is perfected by delivering a copy of the summons and complaint to the defendant personally, leaving a copy at the dwelling or usual place of abode with a suitably aged resident, or delivering a copy to an authorized agent. FED. R. CIV. P. 4(e)(2). Rule 4(c)(1) generally imposes the obligation of service on the plaintiff. FED. R. CIV. P. 4(c)(1). However, since Brown has been granted leave to proceed *in forma pauperis* ("IFP"), 28 U.S.C. § 1915(d) provides that "officers of the court shall issue and serve all process[.]"

When a plaintiff proceeds IFP, "[s]pecial rules govern the procedure for service of process." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). A plaintiff proceeding *in forma pauperis* is entitled to have the summons and complaint served by the USMS. FED. R. CIV. P. 4(c)(3). Thus, it is the USMS, rather than Brown, who was responsible for effecting proper service in this case. After an IFP plaintiff takes "reasonable steps to identi[f]y the

defendant(s)," courts issue process and direct the USMS to serve the identified defendants. *Lindsey*, 101 F.3d at 446. The USMS must use due diligence in serving defendants on behalf of an IFP plaintiff, and if a provided business address is insufficient for service, due diligence requires the USMS to search for "personal addresses for the defendants and serve the individuals at those addresses[,]" particularly where the plaintiff is incarcerated with no access to the home address of the defendant prison employee. *Ellibee v. Leonard*, 226 F. App'x 351, 359 (5th Cir. 2007) (per curiam).

Had Defendant Robin been personally served at the Plaquemines Parish Detention Center, service would be proper. The record reflects, however, that the USMS did not effectuate proper service on Robin because it did not serve him personally at his place of employment, nor did it effect domiciliary service.

B. **Request for Dismissal**

Robin seeks to be dismissed from this suit based on insufficient service. ECF No. 46. However, an IFP plaintiff is entitled to rely upon service by a Marshal and should not be penalized with dismissal for failure of a Marshal to properly effect service, where such failure is due to no fault of the plaintiff. *Lindsey*, 101 F.3d at 447 (5th Cir. 1996); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Instead, "[i]n such instances, courts recognize that the Plaintiff's claims should not be subject to dismissal, but instead that measures be taken to either re-issue summons and re-authorize service by the officers of the Court, or ask the defendant to waive the insufficient service issues and agree to waiver of service of summons under Federal Rule of Civil Procedure 4(d)." *Cordova v. Cuendiz*, No. 20-1198, 2021 WL 5323762, at *3 (N.D. Tex. Nov. 16, 2021) (citing *Kaminsky v. Wake Forest Univ. Baptist Med. Center*, No. 08-882, 2009 WL 3208449, at *5 (M.D.N.C. Sept.

30, 2009) ("[T]he court remains under a duty to assist Plaintiff with regard to service of process in view of his pro se status and the granting of leave to proceed in forma pauperis. Therefore, rather than recommending dismissal of the action as to the Defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all Defendants properly before the Court in accordance with Rule 4(c)(3)"); *Counce v. Wolting*, No. 13-3199, 2017 WL 661583, at *3 (D. Kan. Feb. 17, 2017) (if Plaintiff has provided the necessary information, and the failure was due to the Marshal's inadequate service, such arguments "present, at most, an opportunity to correct a mistake for which the plaintiff is not accountable")).

Furthermore, dismissal is not necessary after one single attempt at service of process. *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process); *Allison v. Raytheon*, No. 10-438, 2010 WL 5535808, at *3 (E.D. Tex. Dec. 17, 2010). Dismissal is also not appropriate where there is a reasonable prospect that the defendant can be served properly. Thus, the proper remedy for insufficient service in this instance is to reissue summons and direct the USMS to perfect service of a new summons and complaint on Defendant Robin.

## IV. <u>Recommendation</u>

Considering the record, the submission and arguments of counsel, and the applicable law, for the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Darren Robin's **Motion to Dismiss, or Alternatively, to Quash Return on Summons (ECF No. 46)** be **DENIED** in part, as to the motion to dismiss and **GRANTED** in part, as to the motion to quash the return of service and that the summons executed on Defendant Darren Robin at 500 Poydras Street in New Orleans, Louisiana **(ECF No. 39 at 2)** be **QUASHED** for insufficient service.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

New Orleans, Louisiana, this __4th__ day of June, 2025.

                                                  **KAREN WELLS ROBY**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.